## O. B. SCOFIELD AND TRUMAN C. RIDER v. HARLAN P. STODDARD.

[In Chancery.]

*Specific Performance. Statute of Frauds.* R. L. s. 981.
*Master. Exceptions.* R. L. s. 730.

S. and R. were partners, and as such owned a starch factory and had unsettled dealings. In view of a settlement, S. offered to sell out to R. for $250, if accepted before a certain time limited, and R. was willing to accept if he could raise the money. Within that time S. deeded to the defendant, who, with knowledge of the facts, took a deed on a verbal condition that he should fulfill S.'s offer to R. R. tendered fulfillment on his part; but the defendant refused. A bill having been brought to compel specific performance, the defendant did not plead the Statute of Frauds, but denied the contract and objected to the admission of oral evidence to prove it. The master received the evidence, but the defendant failed to file exceptions to the report; *Held,* (1) that all objections to the admission of testimony were waived, and thereby the benefit of the statute; (2) that the contract was not void, and having been proved, was enforceable, and the orators entitled to a decree; (3) that S. was a proper co-orator.

BILL IN CHANCERY. Heard on pleadings and a special master's report, September Term, 1883, Washington County, REDFIELD, Chancellor. Decree that the defendant deed to the orators according to the prayer of the bill. The prayer was that defendant be decreed to specifically perform the agreement made with said Scofield, and to convey to said Rider by a good and sufficient deed all the land and other property included in the deed from Scofield to him. It appeared that the orators were partners in manufacturing starch; that they had erected a factory; and that the business was continued more or less for several years, and Rider became badly involved financially, when Scofield deeded to the defendant.

*Senter & Kemp* and *Geo. W. Wing,* for the defendant, cited *Bullard* v. *Bond,* 32 Vt. 355; *King* v. *Smith,* 33 Vt. 22;

*Whitcher* v. *Morey*, 39 Vt. 459; *Dills and Wife* v. *Stewart*, 1 Atlantic R. 587 and *notes*; *Braden and Wife* v. *Workmen*, 1 Atlantic R. 655; *Pinnock* v. *Clough*, 16 Vt. 500.

*Heath & Carleton*, for the orators, cited *Brown* v. *Lynch*, 1 Paige, 147; *Trapnalls* v. *Brown*, 19 Ark. 39; *Beech* v. *Kennegal*, 1 Ves. Sen. 215; *Pickett* v. *Loggan*, 14 Ves. 125; *Young* v. *Peachy*, 11 Ves. 626; *Cox* v. *Arnsmann*, 76 Ind. 210; Hill Trustees, 166; 1 Perry Trusts, 280.

The opinion of the court was delivered by

Ross, J.   The master has found, in substance, that the orator Scofield, in December, 1881, made an offer to the orator Rider, by which the latter could have the former's interest in the premises in controversy, and in settlement of their partnership deal, upon the payment of $250, upon acceptance of the offer at any time before April 1, 1882; that Rider was then ready to accept the offer, if he could raise the money; that this offer was made known to the defendant, and he purchased Scofield's interest in the premises, and took a deed thereof, on condition, as a part of the purchase, that he would fulfill Scofield's offer to Rider, if the latter should accept and fulfill on his part; and that Rider did accept and tender fulfillment on his part.   Upon these facts the orators are entitled to have the defendant convey the interest which the orator Scofield had in the premises to Rider, unless the contract to that effect is non-enforceable by reason of the Statute of Frauds.   It is unnecessary to consider whether the letters—some of which are lost—which passed between Scofield and the defendant, sufficiently evidenced the contract in writing to take it out of the operation of the statute.   The defendant has allowed the contract to stand proved, by evidence not in writing, without objection.   Although he did not rely upon the statute in his answer, he denied the contract, and hence could have insisted that the contract should be proved only by evidence

in writing, as required by the statute. He objected, before the master, to the evidence of the contract which was not in writing, but filed no exceptions to the report in the Court of Chancery, because the master received and considered such evidence. He thereby waived his objections and exceptions to the admission and consideration of this evidence. R. L. s. 730. The statute is peremptory that no exceptions to the admission of testimony by the master shall be considered unless insisted upon by exceptions to his report filed in the Court of Chancery. Hence the contract is proved by competent testimony, inasmuch as the defendant has waived his objections and exceptions to the evidence. It is well settled that the Statute of Frauds does not render a contract thereby required to be evidenced by a written instrument, illegal or void. It only forbids the proof of such contract by evidence not in writing. If the defendant waives the benefit of the statute by admitting in his answer the contract, without insisting upon the statute, or by allowing it to be proved by evidence not in writing, the contract is as enforceable as though not required by the statute to be evidenced by a written instrument. *Montgomery* v. *Edwards*, 46 Vt. 151.

The contract thus proved was not only made with the orator Scofield, but he is interested in its enforcement, as it operates to settle all his long partnership dealing with Rider. Hence Scofield is a proper co-orator.

The decree of the Court of Chancery is affirmed, and cause remanded with a mandate.