STONE & WELLINGTON v. MELLIE L. ROBIE.

SAME v. CHARLES D. WAITE.

SAME v. DAVID H. WILSON.

·January Term, 1894.

*Contract of sale.   What fraudulent representations will
avoid.   Report of referee.   Presumption
of regularity.*

1.  A contract of sale cannot be avoided for the fraudulent repre-
    sentations of the vendor unless those representations relate
    to the quantity, quality or value of the articles sold.

2.  So where an agent for the sale of nursery stock represented
    to a purchaser that the goods of another firm were culls
    bought from his firm ; that another agent, whom the pur-
    chaser knew, and from whom he contemplated purchasing,
    would not be around that summer, and that he expected to
    get a large order from an acquaintance of the purchaser,
    *held*, that those representations were not such as would
    avoid the sale.

3.  If a referee finds the fact of a contract and no exceptions are
    taken to his report, the presumption will be that the find-
    ing was·upon competent testimony.

The above three cases were all actions in assumpsit upon
contracts for the sale of nursery stock, and were heard upon
the report of a referee filed in each at the December term,
1892, Caledonia county, Taft, J., presiding.   Judgment in
each case for the plaintiffs for the amount named in the re-
port.   The defendants except.

*Bates & May* for the defendant.

This contract of sale had reference to an interest in land and must have been in writing. *Lee* v. *Risdon*, 7 Taunt. 191; 1 Benj. Sales, s. 121; R. L., s. 981; *Buck* v. *Pickwell*, 27 Vt. 157; *White* v. *Langdon*, 30 Vt. 600.

The defendant might revoke the contract for the fraudulent misrepresentations of the plaintiffs. Add. Con., s. 304; *Snyder* v. *Findlay*, 1 Am. Dec. 193; *Ludlow* v. *Gill*, 1 D. Chip. 49; *Morris* v. *Gill*, 1 N. Chip. 63; *Shackleford* v. *Handley*, 10 Am. Dec. 753; 1 Benj. Sales 81, s. 60; *Matthews* v. *Bliss*, 22 Pick. 48; *Safford* v. *Grout*, 120 Mass. 20: *McAleer* v. *Horsey*, 35 Md. 439, 452.

*Dunnett & Nelson* for the plaintiff.

There was no material misrepresentation. 1 Benj. Sales, p. 557, s. 638; *King* v. *Eagle Mills*, 10 Allen 548; Kerr Fraud, 60; *Kennedy* v. *Panama etc. Co.*, L. R. Q. B. 580; Add. Con., s. 306; Bigelow Fraud, 413; *Sanborn* v. *Batchelder*, 51 N. H. 406.

START, J. These causes were heard together, and the defendant in each case seeks to avoid his contract because of certain misrepresentations made by the plaintiff's agent.

The plaintiffs are dealers in nursery stock and, in the case against Robie, their agent represented to the defendant that the stock which McMamanon & Leuchtford had been putting out was worthless, being culled stock received from the plaintiffs by the carload, which the plaintiffs would not sell to their customers; he also told the defendant that he was almost sure of getting a three hundred dollar order from one Fairbanks. The defendant believed these representations and gave the order in question. The referee finds that the agent felt quite sure that he would get such an order from Fairbanks, and that the representations as to

stock were mere expressions of opinion; and he is unable
to find whether they were true or false.

In the case against Wilson, the agent called upon the de-
fendant and offered to sell him some nursery stock.   The
defendant at first declined to purchase, because he was in-
tending to wait for an agent by the name of Butterfield, of
whom he had before bought nursery stock.   Whereupon
the plaintiffs' agent informed him that Butterfield would not
be around that year, as he had taken his place, he and But-
terfield working for the same company; and that, if he
bought of him he would get the same quality of stock he
would if he bought of Butterfield.   The defendant relied
upon the representations and would not have given the order
if they had not been made.   The representations were false,
but the agent, at the time of making them, believed them to
be true.

In the case against Waite the representations were sub-
stantially the same as those made in the case against Wilson,
and were false, but the agent believed them to be true at the
time he made them.

The representations did not relate to the quantity, quality,
or value of the articles sold, therefore the defendants cannot
avoid their several contracts.   To avoid a contract for false
representations, the representations must relate distinctly and
directly to the contract, must affect its very essence and sub-
stance, and must be material to the contract.   If the repre-
sentations relate to other matters, or to the contract in a
trivial and unimportant respect only, or are wholly collateral,
they afford no ground for avoiding the contract.   *Long* v.
*Woodman*, 58 Me. 49; *Medbury* v. *Watson*, 6 Met. 259;
*Clem* v. *Newcastle and Danville R. R. Co.*, 9 Ind. 488 (68
Am. Dec. 653); *White* v. *Shelby R. R. Co.*, 63 Am. Dec.
522.

It is claimed that no recovery can be had because it does
not appear that the contracts were in writing.   It is unneces-

sary in these cases to decide whether such contracts are required to be in writing. No exceptions were filed to the several reports of the referee, and it must be assumed that the testimony proving the contracts to have been made was admitted without objection. By not objecting to the testimony when offered, the defendants have waived the objection now urged. *Scofield* v. *Stoddard*, 58 Vt. 290; *Montgomery* v. *Edwards*, 46 Vt. 151.

*The several judgments are affirmed.*