(July 27, 1922.)

MARSHALL FIELD & CO., a Corporation, Respondent v. MAY HOUGHTON, Appellant.

[208 Pac. 851.]

CORPORATIONS—CAPACITY OF FOREIGN CORPORATIONS TO SUE.

1. Where a complaint contains an allegation that plaintiff is a foreign corporation, without showing that it has complied with the constitution and statutes of this state relative to foreign corporations doing business therein, the question of its capacity to sue in the courts of this state must be raised by demurrer or answer or it is waived.

2. The appellate court will not consider an alleged error which was waived in the court below.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action on account. Judgment for plaintiff. *Affirmed.*

Eugene O'Neill and S. O. Tannahill, for Appellant.

The respondent as plaintiff alleged it was "a corporation duly organized and existing under and by virtue of the laws of the state of Illinois." It must further allege facts showing its compliance with the constitution and laws of the state authorizing it to sue in this state. (*Valley Lumber & Mfg. Co. v. Driessel*, 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299.)

The demurrer that the complaint did not state facts sufficient to constitute a cause of action, and denial in the answer of plaintiff's being a corporation organized and existing under the laws of the state of Illinois, cast upon plaintiff the necessity of alleging all facts authorizing the plaintiff to sue, as a foreign corporation in the courts of this state. Such allegation was necessary to give it a right to sue in this state, on the Lewiston Tribune claim and Kate Worden note. (Const., art. 11, sec. 10; · C. S., secs. 4772, 4775; *Katz v. Herrick*, 12 Ida. 1, 86 Pac. 873; *Continental etc. Inv. Co. v. Hattabaugh*, 21 Ida. 285, 121 Pac. 81; *Tarr v. Western Loan & Savings Co.*, 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707; *Bonham National Bank v. Grimes Pass Placer Min. Co.*, 18 Ida. 629, 111 Pac. 1078; *Morris-Roberts Co. v. Mariner*, 24 Ida. 788, 135 Pac. 1166.)

Fred E. Butler, for Respondent.

The clerk's certificate to transcript on appeal is insufficient. (*Coon v. Sommercamp*, 226 Ida. 776, 146 Pac. 728.)

Objections to a complaint that the action is not brought in the name of the real parties in interest or that the plaintiff has not legal capacity to sue are grounds of demurrer, and if not raised by demurrer, such objections are deemed waived. (*Carter v. Wann*, 6 Ida. 556, 57 Pac. 314; *Craig v. Palo Alto Stock Farm*, 16 Ida. 701, 102 Pac. 393; *Utah Implement & Vehicle Co. v. Kenyon*, 30 Ida. 407, 164 Pac. 1176.)

RICE, C. J.—Respondent filed a motion to dismiss the appeal on the ground that this court has no jurisdiction, for the reason that the record is insufficient in that no judgment-roll has been certified to by the district court, and that the certificate does not certify that all of the pleadings used by the trial court are included in the transcript.

The motion is denied. (*Gropp v. Huyette, post,* p. 683, 208 Pac. 848.)

The appellant assigns as error the entry of judgment for respondent, because it was alleged in the complaint that respondent was a foreign corporation, organized under the laws of another state, and no other allegation is made of compliance with the laws of this state relative to foreign corporations doing business therein. This objection goes to the legal capacity of respondent to sue, and not having been raised by demurrer or answer, is waived. (*Valley Lumber etc. Co. v. Driessel,* 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299; *Valley Lumber etc. Co. v. Nickerson,* 13 Ida. 682, 93 Pac 24; *Kiesel v. Bybee,* 14 Ida. 670, 95 Pac. 20; *Thelan v. Thelan,* 32 Ida. 755, 188 Pac. 40.)

The only other contention worthy of consideration is that the answer denied the corporate existence of respondent, and there was a failure of proof of such corporate existence. The trial court very properly characterized the trial by saying, "It's a great fight, but it's peculiar." A perusal of the record leads to the conclusion that judgment was entered practically by consent in favor of respondent and against appellant, findings of fact having been waived. We will not enter upon a discussion of appellant's contention, since it was in effect waived in the court below.

The judgment is affirmed, with costs to respondent.

Budge, McCarthy, Dunn and Lee, JJ., concur.