Points Decided.

(January 31, 1927.)

## FARMERS AND MECHANICS' BANK, a Corporation, Respondent, v. GALLAHER INVESTMENT COMPANY, a Corporation, and BURRELL L. GALLAHER and HYACINTH E. GALLAHER, Appellants.

[253 Pac. 383.]

PLEADING—AMENDMENT OF ANSWER — COURT'S DISCRETION — FAILURE TO PLEAD WAIVES OBJECTION TO CAPACITY TO SUE.

1. Under C. S., sec. 6725, defendants are not entitled to amend answer as of course.

2. Any power to permit amendment of answer must rest on a sufficient showing, in furtherance of justice, under C. S., sec. 6726.

3. In refusing to allow amendment of answer to set up for first time defense that plaintiff was a foreign corporation doing business in the state without having complied with its laws in respect to such corporations, *held* court acted within its sound discretion, it appearing defendants or their counsel, at time of demurrer to complaint, knew plaintiff was a foreign corporation doing business within the state, and no valid reason for delay in pleading the defense being suggested.

4. Defendants, by not raising by special demurrer or answer objection to capacity of plaintiff, foreign corporation, to sue, waived such objection.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Action to foreclose mortgage on real estate. Judgment for plaintiff. *Motion to dismiss appeal denied. Judgment affirmed.*

Publisher's Note.

4. Necessity of pleading specially noncompliance by foreign corporation with domestic statutes, see note in 9 Ann. Cas. 492.

See Appeal and Error, 4 C. J., sec. 2757, p. 799, n. 35.
Corporations, 14a C. J., sec. 4070, p. 1365, n. 98 New.
Pleading, 31 Cyc., p. 361, n. 28; p. 363, n. 41; p. 367, n. 99; p. 368, n. 9; p. 370, n. 10; p. 372, n. 31, 35; p. 737, n. 1.

J. B. Eldridge and J. A. Gallaher, for Appellants.

The court erred in refusing to permit the defendant to file an amended answer. (*Katz v. Herrick*, 12 Ida. 1, 24, 86 Pac. 873; *Marshall-Field & Co. v. Houghton*, 35 Ida. 653, 208 Pac. 851; *Tarr v. Western Loan & Sav. Co.*, 15 Ida. 751, 99 Pac. 1049, 21 L. R. A., N. S., 707; *Bonham Nat. Bank of Fairberry v. Grimes Pass Placer Min. Co., Ltd.*, 18 Ida. 629, 111 Pac. 1078; *Weber v. Pend d'Oreille M. & Red. Co.*, 35 Ida. 1, 203 Pac. 891; *Moody v. Morris-Roberts Co.*, 38 Ida. 414, 226 Pac. 278; *Junction Placer Min. Co. v. Reed*, 28 Ida. 219, 153 Pac. 564; *Green v. Smith*, 37 Ida. 502, 217 Pac. 604; *Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868; *Havlick v. Davidson*, 15 Ida. 78, 100 Pac. 91; *Rankin v. Caldwell*, 15 Ida. 625, 99 Pac. 108.)

The court erred in overruling defendant's motion for new trial. (*Hoy v. Anderson*, 39 Ida. 430, 227 Pac. 1058; *Dunbar v. Griffiths*, 14 Ida. 120, 93 Pac. 654; *Phy v. Edgerton*, 40 Ida. 67, 231 Pac. 426; *Ross v. Swearingen*, 39 Ida. 35, 225 Pac. 1021; *Caravelis v. Cacavas*, 38 Ida. 123, 220 Pac. 110; *McAllister v. Bardsley*, 37 Ida. 220, 215 Pac. 852; *Watt v. Stanfield*, 36 Ida. 366, 210 Pac. 998.)

Johnson & Nixon, for Respondent.

Appellants were not entitled to file their amended answer as a matter of course, but were required to proceed under C. S., sec. 6726, and make a sufficient showing by affidavit of merits. (*Craven v. Bos*, 38 Ida. 722, 225 Pac. 136; *Cady v. Keller*, 28 Ida. 368, 154 Pac. 629.)

The affidavit of merits made by appellants' attorney, as well as the motion itself, made no reference to the alleged doing of business in Idaho by plaintiff or when appellants or their attorneys first learned of the alleged facts. Nor did they show any excuse whatever for not incorporating this matter in the original demurrer or answer. This fact taken in connection with the admission of appellants' attorney in open court that he did know of the alleged facts relating to the doing of business in Idaho by respondent, when the

43 Idaho—32

complaint was filed, justified the trial court, in the exercise of its discretion, in refusing to permit the amended answer to be filed on the day set for the trial. (*Snowy Peak Min. Co. v. Tamarack etc. Co.,* 17 Ida. 630, 107 Pac. 60; *Bates v. Smiley,* 179 N. Y. Supp. 552; *Manha v. Union Fertilizer Co.,* 151 Cal. 581, 91 Pac. 393; *Williams v. Youtz,* 178 Cal. 107, 172 Pac. 383.)

The fact that plaintiff alleged in its complaint that it was a corporation organized under the laws of Nebraska did not make it necessary for it to allege that it had complied with the laws of Idaho relating to foreign corporations. This was a matter to be raised by special demurrer on the ground of want of capacity to sue, if apparent on the face of the complaint, or by answer, otherwise it was waived. (C. S., sec. 6693; *Valley Lumber Co. v. Driessel,* 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299; *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; *Bonham Nat. Bank v. Grimes Pass Co.,* 18 Ida. 629, 111 Pac. 1078; *Marshall Field & Co. v. Houghton,* 35 Ida. 653, 208 Pac. 851; *McIntosh Live Stock Co. v. Buffington,* 116 Or. 399, 241 Pac. 393.)

VARIAN, Commissioner.—This is an action to foreclose a real mortgage executed by Gallaher Investment Company to Almon J. Hall, and by him assigned to respondent prior to maturity. The mortgagor conveyed the premises, subject to liens and encumbrances, to appellant Burrell L. Gallaher.

Complaint was filed September 4, 1925, to which appellants filed a general demurrer September 25, 1925. The next day the demurrer was overruled, and appellants given fifteen days to answer. On October, 13, 1925, appellants answered, admitting execution of the note and mortgage, the amount paid on account of interest, but denying the payment of certain delinquent taxes, as alleged in the complaint, the value of attorneys' services and their right to fees herein. As a further defense, appellants allege that a considerable part of the sums paid by respondent for taxes

"was illegal and unwarranted." The cause was set November 2, 1925, for trial on November 24, 1925, at 10 A. M.

The day before trial, counsel for appellants served respondent's counsel with notice that on November 24, 1925, at such time as the court would permit, appellants would file a motion, supported by affidavit, for permission to file an amended answer, and served the affidavit, motion and proposed amended answer at the same time. The next day, before trial, respondent filed written objections to allowing the amended answer to be filed, upon the principal ground that no sufficient reason had been shown for allowing defendants to file said amended answer. The proposed amended answer, lodged with the clerk on November 23, 1925, incorporated the admissions and denials of the original answer, and contained more definite allegations regarding the controversy over the payment of taxes and the action of the county board in regard thereto had subsequent to the filing of the original answer. It also alleges, in effect, that respondent is a foreign corporation doing business in this state, and has not complied with the Idaho statutes relative to such corporations doing business here. This defense, asserted for the first time in the proposed amended answer, is not mentioned in the motion for leave to file amended answer, or in the affidavit in support thereof.

The motion was denied, and the cause tried upon the complaint and original answer, resulting in a decree for respondent. January 22, 1926, appellants moved for a new trial upon the grounds that the court erred in refusing to permit appellants to file their amended answer, and that the court erred in rendering judgment in favor of respondent and for the sums and amounts therein stated. The motion was taken under advisement and denied. Appellants appeal from the judgment and from the order denying the motion for a new trial.

On the argument, respondent moved to dismiss the appeal from the order denying the motion for a new trial. This court, after considering the motion to dismiss, concluded to deny the same.

[1, 2]   Appellants contend that the trial court erred in refusing to permit them to file the amended answer. Any controversy over the correct amount of taxes paid by respondent, and for which it might be entitled to reimbursement, does not now enter into consideration of the motion. The parties agreed upon the correct amount at the trial, and respondent did not attempt to recover the sums asked for in the complaint, but stipulated that the correct amounts were those contended for by appellants. The only matter then in dispute relates to the defense of noncompliance with the law governing foreign corporations. Appellants were not entitled to amend their answer as of course pursuant to the provisions of C. S., sec. 6725. Any power to permit the amendment must rest upon a sufficient showing, in furtherance of justice, under C. S., sec. 6726. (*Craven v. Bos*, 38 Ida. 722, 225 Pac. 136.)

[3]   The affidavit of appellants refers only to the overpayment of taxes, and makes no reference to the failure of respondent to comply with the law relative to foreign corporations. It contains nothing that might excuse appellants' failure to incorporate this defense in the original answer. At the trial, counsel for appellants stated to the court that he knew at the time of filing the original answer that respondent was doing business in this state, but was ignorant of the law. It is apparent from this record that appellants, or their counsel, at the time the demurrer was filed, knew that respondent was a foreign corporation, and that it was doing business in this state. It was a matter of public record, readily ascertainable, whether or not respondent had complied with the laws of Idaho relative to such corporations doing business in said state. No valid reason appears from the record, or the allegations of the proposed amended answer, or is suggested by counsel, for appellants' delay in pleading this defense.

"The rule is well established that the granting or refusing of amendments to pleadings rests in the sound discretion of the trial court, and only when it affirmatively ap-

pears that such discretion has been abused will its ruling be disturbed.'' (*Hoy v. Anderson*, 39 Ida. 430, 227 Pac. 1058, and cases cited.)

Under the facts disclosed by this record, the trial court was clearly acting within its sound discretion, and the ruling should not be disturbed.

[4] It is finally contended that the court erred in denying the motion for a new trial. This motion renews the objection to the court's denial of leave to file an amended answer. At the trial, appellants offered to prove the allegations of the amended answer as to respondent doing business in this state, and its failure to comply with the law concerning foreign corporations so doing business, which offer was rejected. Respondent's lack of capacity to sue was not pleaded, and, in the absence of attack, it was not necessary for it to allege or prove compliance with the statute, or facts or circumstances excusing such compliance. Having failed to timely object to respondent's capacity to sue by special demurrer or answer, appellants thereby waived any objection on that ground. (*Valley Lumber & M. Co. v. Driessel*, 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299; *Valley Lumber & M. Co., v. Nickerson*, 13 Ida. 682, 93 Pac. 24; *Marshall Field & Co. v. Houghton*, 35 Ida. 653, 208 Pac. 851.)

I recommend that the motion to dismiss the appeal from the order denying the motion for a new trial be denied and that the judgment be affirmed.

The foregoing is approved as the opinion of the court. The motion to dismiss the appeal from the order denying the motion for a new trial is denied, and the order denying the motion for a new trial and the judgment are affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.