(No. 5322. October 8, 1929.)

D. M. GALLAFENT, Doing Business as BANNOCK MOTOR COMPANY, Respondent, v. HOWARD A. TUCKER, Appellant.

[281 Pac. 375.]

Witty & Anderson, for Appellant.

B. W. Davis, for Respondent.

VARIAN, J.—Respondent commenced this action in the probate court setting up two causes of action. The complaint alleges "that plaintiff has been and now is doing business as the Bannock Motor Company," at Pocatello, Idaho. The complaint contains the necessary averments to set up a cause of action on an open account and to recover upon a promissory note, but fails to allege a compliance with the provisions of Sess. Laws 1921, chap. 212. Appellant was regularly served with process, but failed to appear in the probate court, where judgment was entered by default on February 24, 1928. On March 26, 1928, he appealed to the district court upon questions of law, where the judgment was affirmed. Thereafter he prosecuted this appeal.

The statute referred to is as follows:

"Section 1. That no person or persons shall hereafter carry on, conduct or transact business in this state under any assumed or fictitious name, or under any designation, name or style, partnership, or otherwise, other than the true and real name or names of the person or persons conducting or transacting such business or having an interest therein, unless such person or all of such persons conducting or transacting said business, or having an interest therein, shall file in the office of the recorder of the county or counties in which said business is to be conducted or transacted, a certificate which shall set forth the designation, name, or style, under which said business is to be conducted or transacted and the true or real full name or names of the party or parties conducting, or transacting or intending to conduct or transact the same or having an interest therein, together with the post office address or addresses of said person or persons. Such certificate shall be executed and acknowledged by the party or parties conducting or transacting, or intending to conduct or transact, said business or having an interest therein, before an officer authorized to take acknowledgments of deeds,

"Sec. 2. Any person or persons now conducting or transacting any business under any such assumed or fictitious name, or under any designation, name or style other than the true and real full name or names of all the parties having an interest therein, shall file a certificate as provided for in Section 1 thereof, within thirty days after this act shall take effect, and persons hereafter conducting, transacting, or intending to conduct or transact any business, as set forth in Section 1 above, shall, before commencing business, file such a certificate in the manner hereinbefore prescribed.

"Sec. 3. Whenever any business is being conducted or transacted under any assumed or fictitious name, or under any designation, name or style other than the true and real full name or names of all the parties having an interest therein, and there shall be any change in the ownership or interest therein, then the party or parties who are to conduct or transact such business or having an interest therein, after such change and interest, shall file a certificate as provided in Section 1 hereof, before conducting or transacting any business whatsoever.

"Sec. 4. This act shall in no way affect or apply to any corporation, duly organized under the laws of this state, or to any corporation organized under the laws of another state and lawfully doing business in this state, nor shall this act be deemed or construed to prevent the lawful use of a partnership designation, name or style; *provided,* that such partnership designation, name, or style shall include the true and real name or names of all the parties conducting such business or having an interest therein.

"Sec. 5. The several county recorders of the state, shall keep an alphabetical index of all persons filing certificates, provided for herein, and for the indexing and filing of such certificate they shall receive a fee of fifty cents. A copy of such certificate, duly certified to by the county recorder in whose office the same shall be filed, shall be *prima facie* evidence in all courts of law in this state of the facts therein stated.

"Sec. 6. No person or persons carrying on, conducting, or transacting business as aforesaid, or having any interest therein, shall hereafter be entitled to maintain any suit in any of the courts of this state without alleging and proving that such person or persons have filed a certificate as provided for in Section 1 hereof, and failure to file such certificate, shall be *prima facie* evidence of fraud in securing credit.

"Sec. 7. Any person or persons carrying on, conducting, or transacting business, as aforesaid, who shall fail to comply with the provisions of this act, shall be guilty of a misdemeanor and upon conviction shall be subject to a fine of not less than twenty-five dollars nor more than two hundred dollars."

Appellant contends that, respondent having failed "to allege" compliance with the statute, the probate court was without jurisdiction to enter any judgment, and that the contracts sued upon are void.

The act under consideration is nearly identical with the Oregon statute, enacted in 1913. (See General Laws of Oregon 1913, chap. 154, p. 270; Olson's Oregon Laws, secs. 7777 to 7782, incl.) The Washington statute conforms to Oregon and Idaho in every particular, except that there is no penalty clause, although the title of the act refers to a penalty (Wash. Sess. Laws 1907, chap. 145, p. 288; Rem. Comp. Stats. of Washington, secs. 9976–9980, incl.) It will be noted that the Oregon and Idaho statutes do not expressly make an agreement void because of the penalty imposed.

The rule of interpretation to be followed is that the question is one of legislative intent, "and the courts will look to the language of the statute, the subject matter of it, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment; and if from all these it is manifest that it was not intended to imply a prohibition or to render the prohibited act void, the courts will so hold and will construe the statute accordingly." (13 C. J., p. 422. See *Uhlmann v. Kin Daw*, 97

Or. 681, 193 Pac. 435; *Garland v. Heckler*, 233 Fed. 504, 147 C. C. A. 390; *Ashley & Rumelin v. Brady*, 41 Ida. 160, 238 Pac. 314.)

As the decision of the supreme court of Oregon points out, it is not the primary purpose of this statute to prevent the transaction of business, and it must not be confused with statutes prohibiting gambling and designed to prevent gambling, nor statutes requiring a license to engage in a particular trade or business. (13 C. J., p. 423; *Zimmerman v. Brown*, 30 Ida. 640, 166 Pac. 924.) The consequences of its violation are: (1) Punishment by fine; (2) a rule of evidence, which is that failure to file the certificate shall be *prima facie* evidence of fraud in securing credit; and (3) inability to maintain a suit. The rule of evidence can only be applied when the offending party is sued by one who has given, not (as here) received, credit. Even in those jurisdictions where the contract is held to be void, it is so only in the hands of the partnership, and is enforceable by the one who extended the credit. (See *Cashin v. Pliter*, 168 Mich. 386, Ann. Cas. 1913C, 697, 134 N. W. 482, and cases cited in note; *Uhlmann v. Kin Daw, supra.*) Again, if the legislature intended to say that where one has failed to comply with the statute, his contracts are void, it was not necessary to declare that a suit could not be maintained thereon.

In *Ashley & Rumelin v. Brady, supra*, this court had under consideration an action on a promissory note given in violation of the Blue Sky Law (C. S., secs. 5305–5317, incl.), which contains a prohibition and penalty, and making it unlawful to do business without compliance with the statute. After reviewing the authorities, the court concluded that the note was voidable in the hands of one not a *bona fide* holder.

The conclusion arrived at by the supreme court of Oregon in the cited case, to the effect that the ''failure to file the certificate affects only the qualification of the person to sue, and that upon filing a certificate the disqualification is removed, and a suit or action may be maintained on a

contract made before or after such filing," correctly states
the law applicable to this case.

On the question of pleading presented, it is gener-
erally held by courts having similar statutes, including
Oregon, that noncompliance with the provisions of the statute
is an affirmative defense, going to plaintiff's capacity to sue,
and where the objection is not raised by demurrer or answer
in the trial court, it is waived and cannot be raised on
appeal. (*Phillips v. Goldtree,* 74 Cal. 151, 13 Pac. 313, 15
Pac. 451; *Helms v. Pacific Mill & Timber Co.,* 57 Cal. App.
442, 207 Pac. 708; 20 Cal. Jur., p. 776; 21 Cal. Jur., pp. 99,
100; 19 Cal. Jur., p. 524; *Fitch v. Braddock,* 93 Okl. 78,
219 Pac. 703; *Reilly v. Hatheway,* 46 Mont. 1, 125 Pac.
417; *Heegaard v. Dakota L. & T. Co.,* 3 S. D. 569, 54 N. W.
656; *Smith v. Stubbs,* 16 Colo. App. 130, 63 Pac. 955;
*Turnbull v. Michigan Cent. R. Co.,* 183 Mich. 213, 150
N. W. 132; *Walsh v. J. R. Thomas' Sons,* 91 Ohio St. 210,
110 N. E. 454; *State v. Superior Court,* 111 Wash. 205, 190
Pac. 234; *Hale v. City Cab, Carriage & Transfer Co.,* 66
Wash. 459, 119 Pac. 837; *Beamish v. Noon,* 76 Or. 415, 149
Pac. 522; *Benson v. Johnson,* 85 Or. 677, 165 Pac. 1001,
167 Pac. 1014; *Columbia River Door Co. v. Todd,* 90 Or.
147, 175 Pac. 443, 860. For further authorities in Oregon,
see *Uhlmann v. Kin Daw, supra.*)

Again, this court has consistently held in interpreting the
somewhat similar statute (C. S., sec. 4775) prohibiting a
foreign corporation from suing on, or enforcing, any con-
tract made by it prior to making the filings required by
C. S., sec. 4772, that such prohibition goes to its capacity
to sue and does not render the contract void, and, if not
raised by demurrer or answer, the question of noncompliance
is waived. (*Valley Lumber & Mfg. Co. v. Driessel,* 13 Ida.
662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299;
*Valley Lumber & Mfg. Co. v. Nickerson,* 13 Ida. 682, 93
Pac. 24; *Marshall Field & Co. v. Houghton,* 35 Ida. 653, 208
Pac. 851; *Farmers & Mechanics' Bank v. Gallaher Inv. Co.,*
43 Ida. 496, 253 Pac. 383.) Appellant failed to demur or
answer. The incompetency of respondent to maintain this

action being manifest on the face of the complaint, the objection was waived. (C. S., sec. 6693; *Beamish v. Noon, supra,* citing L. O. L., sec. 72, which is in the same language as the section cited.)

It appears that the act in question was approved March 7, 1921, and is essentially in the same language as the act of the Oregon legislature passed in 1913. The opinion in *Uhlmann v. Kin Daw, supra,* interpreting the effect of the prohibitions and penalty contained in the Oregon law, was rendered November 9, 1920, and the Oregon cases cited, holding that failure to allege compliance with the statute is an affirmative defense to be raised by demurrer or answer, were decided years before the passage of the Idaho act. Since the provisions of the Idaho statute have been taken from the Oregon statute, and the supreme court of Oregon had construed their statute, both as to the status of contracts by noncomplying persons and partnerships and the necessity for pleading such noncompliance, before Idaho adopted the statute, and deeming the construction so placed upon the adopted statute by the supreme court of Oregon reasonable, we are constrained to accept its construction. (*In re Niday,* 15 Ida. 559, 98 Pac. 845; *Russell v. Alt,* 12 Ida. 789, 88 Pac. 416, 13 L. R. A., N. S., 146.)

Judgment affirmed. Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Wm. E. Lee, JJ., concur.