(No. 5241.  November 27, 1929.)

SHAW  SUPPLY  COMPANY,  INC.,  a  Corporation,  Respondent,  v.  J.  R.  MORGAN,  Appellant.

[282 Pac. 492.]

Turner K. Hackman, for Appellant.

Don J. Henry, for Respondent.

VARIAN, J.—Plaintiff brought this action upon a contract entered into compromising a certain action then pending between the parties in Twin Falls county. Defendant answered, denying the corporate existence of plaintiff, admitting the execution of the contract, and prayed rescission thereof upon the ground of fraud, material misrepresentations, etc. At the close of the testimony, defendant renewed a motion for nonsuit which was denied, the court granting plaintiff's motion for an instructed verdict.

■ The first error assigned is that the court erred in not requiring plaintiff to prove its corporate existence. The contract sued on refers to plaintiff as "Shaw Supply Company, Inc., a corporation, by H. G. Shaw, its president, party of the first part," and is signed "Shaw Supply Co., Inc., Henry G. Shaw, Pres." Having admitted the execution of the contract, appellant brings himself within the rule that one having dealt with an association in such a way as to recognize and in effect admit its legal existence as a corporate body is estopped to deny its corporate existence in any action arising out of or involving such contract. (14 C. J., p. 227; *Toledo Computing Scale Co. v. Young*, 16 Ida. 187, 101 Pac. 257; *New Idea Spreader Co. v. Satterfield*, 45 Ida. 753, 265 Pac. 664.)

■■ The complaint shows that respondent is a foreign corporation, and therefore required to plead and prove compliance with the provisions of C. S., sec. 4772, as to filing its articles, etc., before maintaining any action upon any contract made by it. (C. S., sec. 4775.) In order to take advantage of the failure of plaintiff to comply with the statute, defendant must raise the question either by special demurrer or answer; otherwise, the objection to noncompliance is waived. (*Valley Lumber & Mfg. Co. v. Driessel*, 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299; *Valley Lumber & Mfg. Co. v. Nickerson*, 13 Ida. 682, 93 Pac. 24; *Marshall Field & Co. v. Houghton*, 35 Ida. 653, 208 Pac. 851; *Farmers & Mechanics' Bank v. Gallaher Inv. Co.*, 43 Ida. 496, 253 Pac. 383.) Merely denying the corporate existence of respondent did not raise the question of noncompliance, and having failed to demur specially or set up want of capacity to sue by answer, appellant waived the right to object. (*Marshall Field & Co. v. Houghton, supra.*)

■ Error is assigned in that the court erred in holding as a matter of law that the contract involved was severable. The contract, dated November 30, 1926, recites that plaintiff is a corporation; that it had instituted an action in the district court of the eleventh judicial district for Twin Falls county; and that the partes are desirous of adjusting all

matters "in controversy in said action"; that in consideration of one dollar by each party to the other in hand paid, it is agreed that defendant should pay plaintiff $300 on or before January 20, 1927, and the further sum of $500 on November 1, 1927, with interest at the rate of ten per cent per annum from said last-mentioned date. The contract concludes with a provision that plaintiff will dismiss the present action pending, as above mentioned. The portion of the contract just referred to is complete in itself, and is the part sued on in this action.

The contract also recites that there is a controversy existing between the parties over the price of eighteen beds shipped by plaintiff to the Riverside Sanatorium at Lava Hot Springs in 1920; that it is unknown to the parties whether plaintiff has received back said beds, which matter is to be looked into by both parties; that if plaintiff has received said beds back, or can obtain possession of them, then all matters in controversy are finally settled; that if the beds have not been returned to, or obtained by plaintiff, defendant will pay plaintiff the further sum of $250 on November 1, 1928, with interest at ten per cent per annum from November 1, 1926. The contract further provides for an adjustment in the event a part only of the eighteen beds are recovered by plaintiff.·

Whether a contract is severable or indivisible must be determined by the court from the subject matter of the agreement, and the language used therein controls. (13 C. J., p. 561, sec. 525; 6 Cal. Jur., p. 322, sec. 191; *Pacific Wharf & Storage Co. v. Standard American Dredging Co.*, 184 Cal. 21, 192 Pac. 847; *Waybright v. Meek*, 90 Cal. App. 13, 265 Pac. 370; *Dorsey v. Clarke*, 223 Ky. 619, 4 S. W. (2d) 748; *Read v. Gibson & Johnson*, (Tex. Civ. App.) 12 S. W. (2d) 620.) Here we have a contract covering two major propositions: First, a settlement of all controversies involved in a pending lawsuit, upon payment by defendant of $800 in two instalments of $300 and $500, respectively, and providing for the dismissal of said action. Second, a final settlement of a controversy over eighteen

beds, the whereabouts of which were unknown to either of the parties. If these beds should be found in plaintiff's possession, or could be restored to it, then the controversy would be deemed to be settled after such determination or restoration; otherwise, if the beds were not in plaintiff's possession, or could not be restored, defendant would pay plaintiff $250 on November 1, 1928, with interest. From a careful reading of the contract, it does not appear that the settlement of the pending action was in any way related to, or dependent upon, the settlement of the controversy relative to the eighteen beds. The consideration is apportioned between the two subjects covered by the contract, and, measured by this test, the contract is severable. (See 13 C. J., p. 563, sec. 528; *Pacific Wharf & Storage Co. v. Standard American Dredging Co., supra; Grunbaum Bros. Furniture Co. v. Humphrey Inv. Corp.,* 144 Wash. 620, 258 Pac. 517; *Loveland v. Warner,* 103 Or. 638, 204 Pac. 622 (624), 206 Pac. 298; *Regent Waist Co. v. O. J. Morrison Dept. Store Co.,* 88 W. Va. 303, 106 S. E. 712; *Barlow Mfg. Co. v. Stone,* 200 Mass. 158, 86 N. E. 306.)

Defendant sought to rescind the contract on the theory that it was not severable because of false statements of material facts whereby defendant was induced to enter into the contract  He alleges the following false representations: That a certain copy of a conditional sales contract in possession of defendant was a purported copy of a paper the original of which had never been in plaintiff's possession; that Shaw, as agent of plaintiff, would so testify in the action then pending; that said conditional sales contract showed that Riverside Hotel and Sanatorium was the purchaser of the property therein named and involved in said pending action; and that Shaw would testify that defendant made the purchase, and plaintiff had always looked to defendant for payment. There was no offer or attempt to prove these alleged misrepresentations. Defendant also set up further misrepresentations concerning the eighteen beds mentioned in the last portion of the agreement, and proof of which was excluded at the trial. Plaintiff was suing upon

the first part of the contract relating to the settlement of the controversy involved in the pending suit, and was not asking the court to consider the contract in so far as it related to the beds. That item was not due under the contract. The evidence was properly excluded.

It was further pleaded, and to some extent proven, that Shaw misrepresented, before the contract was signed, that he had been to the expense of between two and three hundred dollars in coming from Tacoma, Washington, and bringing a witness to attend the trial of the then pending action, and for that reason defendant consented to settle the pending action for $300 more than $500. Standing alone, under the circumstances of this case, this was not a sufficiently material misrepresentation because of which defendant would be entitled to·rescind. (See 1 Elliott on Contracts, sec. 71, p. 99, sec. 86, p. 147; 1 Page on Contracts, sec. 308, p. 481; 3 Williston on Contracts, sec. 1490, p. 2650; 1 Black on Rescission and Cancellation, 2d ed., sec. 70, p. 179; *Bowman v. Branson,* 111 Mo. 343, 19 S. W. 634; *Stone v. Robie,* 66 Vt. 245, 29 Atl. 257.)

Admitting the truth of all of defendant's evidence, it was not sufficient to entitle him to any relief, and the court did not err in instructing the jury to find for respondent. (See *Smith v. Marley,* 39 Ida. 779, 230 Pac. 769.)

Judgment affirmed. Costs to respondent.

Budge, C. J., and Givens and Wm. E. Lee, JJ., concur.