## MEYER *v.* DEIFENBACH.

[No. 14,963.   Filed January 23, 1935.   Rehearing denied May 10, 1935.]

*L. A. Douglass,* for appellant.

DUDINE, P. J.—Appellant bought an automobile upon a "finance plan" from appellee. The transaction was evidenced by a conditional sale contract typical of the kind generally used in the automobile business, which contract provided that title remained in the seller until all payments provided by the contract are fully satisfied. Thereafter appellee executed an assignment of "his . . . right, title and interest in and to the within contract and the property covered thereby" to General Motors Acceptance Corporation of Indiana, Inc. Thereafter appellee filed suit against appellant for possession of said automobile and damages for retention thereof. The complaint alleged that appellee was "the owner and lawfully entitled to the immediate possession of the" automobile.

Appellant filed an answer in general denial and an amended second paragraph of answer which alleged the execution of said conditional sale agreement, and said assignment thereof, and that appellee had no right to maintain this action for possession of said automobile. Appellee filed a reply in general denial to appellant's amended second paragraph of answer.

The cause was submitted to the court for trial without a jury, and the court found for appellee that appellee was entitled to the possession of the automobile, that the value of the automobile was two hundred dollars, and that appellee was entitled to damages in the sum of fifty dollars for detention thereof, and the court rendered judgment accordingly. Appellant duly filed a motion for new trial, based on the grounds, 1st, that the decision is contrary to law, 2nd, is not sustained by sufficient evidence. The overruling of said motion by the court is the sole error relied upon for reversal.

Appellant contends there is no evidence in the record which shows that appellee was the owner of the automobile and entitled to the possession thereof at the time the suit was commenced.

The evidence shows the execution of said assignment by appellee; that the contract was assigned for the purpose of collection; that by the terms thereof appellee guaranteed the payments; that appellant became delinquent in the payments in the total sum of $101.00; that appellee paid the said balance of said payments to General Motors Acceptance Corporation of Indiana, Inc., and that thereupon said corporation returned said conditional sale contract to appellee who retained and held it at the time this suit was commenced.

Appellant's contention is based on the fact that the evidence did not show that the conditional sale con-

tract was re-assigned to appellee or that General Motors Acceptance Corporation of Indiana, Inc., was divested of its title to the automobile.

Replevin is a possessory action. The purpose of an action in replevin is to determine who shall have posession of the property sought to be replevied. Even in causes like the cause at bar, where the plaintiff alleges that he is the owner of the property sought to be replevied and is entitled to the possession thereof, the purpose of the cause is to determine whether or not the plaintiff is entitled to the possession of the property, and it is not the purpose to determine whether the plaintiff is the owner of the property. The basic allegation in the complaint in this cause is the allegation that the plaintiff is entitled to the possession of the automobile.

The evidence, taken as a whole, shows that appellee was entitled to possession of the automobile at the time the suit was commenced, and the decision of the court is sustained by sufficient evidence, and is not contrary to law.

No reversible error having been shown, the judgment is affirmed.