No: 16,132.

REAVIS ET AL. *v.* STOCKEL ET AL.

(208 P. [2d] 94)

Decided May 16, 1949. Rehearing denied July 11, 1949.

Mr. A. X. ERICKSON, Mr. DON B. OLIVER, for plaintiffs in error.

Messrs. SIMON, LEE & SHIVERS, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANTS in error, plaintiffs below, filed an action to replevin a house trailer sold to Harry A. and Evelyn Troxell March 15, 1947 at Rapid City, South Dakota, which was resold by the Troxells to defendants on May 28, 1947 in Denver, Colorado. Prayer of the complaint was for possession and damages, attorney fees and costs. Judgment for plaintiffs for possession, and defendants specify error.

Error is claimed on account of the court's failure to grant defendants' motion to dismiss for the reason that the evidence and exhibits show that plaintiffs had no interest in the subject matter and were not proper parties plaintiff; and further that the court erred in not directing a verdict for defendants for the reason that exhibits and evidence show conversion of the property by the plaintiffs.

The conditional sales contract, plaintiffs' Exhibit A, provides, "Title to said property shall not pass to purchaser until said amount is fully paid in cash," and further provides that the purchaser shall not transfer any interest in the contract or said property. The purchase price for the trailer was two thousand two hundred ninety-five dollars, cash payment of seven hundred sixty-five dollars and the balance to be paid in thirty equal installments of sixty and 38/100 dollars each, beginning April 22, 1947. The evidence shows that plaintiffs discounted this contract to the Rapid City National Bank and endorsed the contract in blank under arrangements hereinafter set forth. As far as the evidence discloses, payments were to be made to the bank and in case of default, plaintiffs were obligated to pay the bank.

Plaintiffs gave consent to Troxells, the purchasers, to remove the trailer from the state of Nebraska and, as plaintiffs testified, gave Troxells a conditional bill of sale in order that they could travel with it until they reached their destination and not be picked up by the police. This bill of sale is plaintiffs' Exhibit B and is dated March 15, 1947, the same date as the conditional sales contract, and

contains the following exception: "subject to conditional sales contract in favor of Ted's Trailer Place, 10 Omaha Street,. Rapid City, S. Dak." Ted's Trailer Place mentioned was the name and style of the business under which the plaintiffs were operating.

Troxells removed the trailer to Denver, Colorado, and on the 28th day of May, and, contrary to the terms of the contract, gave a bill of sale for the trailer to the defendants herein, which bill of sale contained the following declaration, "This is given subject to a first mortgage in the amount of $1811.00 which the parties of the second part assume and agree to pay."

It does not appear from the evidence that any monthly payments were made either by Troxells, the original purchasers, or the defendants who are now plaintiffs in error in this court.

Plaintiffs, after several notices from the bank, were told by the bank to make the payments or get the trailer. Plaintiffs had written Troxells about the payments and warned them not to transfer any interest in the contract unless all of the obligations were taken care of. About July 1, 1947, plaintiff Bertha Stockel came to Denver and upon learning that the trailer had been transferred to plaintiffs in error, located them and made demand for all of the balance due on the contract or possession of the trailer, being refused, she caused this action in replevin to be instituted.

As to plaintiffs in error's contention that the vendors, plaintiffs below, were not the real parties in interest and had no interest sufficient to be proper parties plaintiff and, therefore, entitled to no relief, we do not agree. Rule 104 of the Colorado Rules of Civil Procedure provides that the plaintiff in replevin must show, "That the plaintiff is the owner of the property claimed, * * * or is lawfully entitled to the possession thereof." In pledging the contract to the bank plaintiffs guaranteed the payments under the contract and retained title. The evidence shows that in the event all of the payments had

been made to the bank, title would have passed to the purchasers from the plaintiffs and not from the bank.

When default occurred, plaintiffs were obligated to make the payments and under those circumstances had a special interest in the property and for security reasons were entitled to possession, thus meeting the conditions of the rule and were proper parties plaintiff.

 There are no creditors or subsequent holders without notice involved herein and no injury to third persons without notice. It cannot be successfully, or reasonably argued, that all parties involved herein had no notice of the lien for the unpaid balance of the purchase price. Troxells, the original purchasers, signed a contract providing for the payment of unpaid balance of the purchase price and that no title would pass until fully paid. The accommodation bill of sale given by the vendors to Troxells, the original purchasers, contained the notice to Troxells that the bill of sale was subject to the sales contract, and the bill of sale from Troxells to the defendants, now plaintiffs in error, plainly stated that the bill of sale was given subject to a first mortgage and stated the amount thereof. By whatever name it might be called, mortgage or sales contract, it is still a lien and does not fall within the prohibited secret lien, making a conditional sale void as against third persons without notice thereof.

The assignment by plaintiffs as vendors was a collateral security transaction and did not divest plaintiffs of their legal rights to enforce the terms of the conditional sales contract in case of default in terms thereof.

 We do not consider it necessary to discuss other secondary questions discussed at length by plaintiffs in error, but content ourselves in finding that the trial court properly resolved the issues in favor of plaintiffs for the clear and unmistakable reason that all parties had notice of the lien and of the conditional sale, and, as we said in *Illinois Building Co. v. Patterson,* 91 Colo. 391, 15 P. (2d) 699, "Conditional sales are valid as to those with notice and who did not extend credit in reliance upon ownership

and possession of the purchaser." We might further say that the evidence disclosed no disposition on the part of the original purchasers or the defendants herein to faithfully perform the conditions of the contract that they subjected themselves to, and plaintiffs were justified in proceeding for their own protection.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE JACKSON concur.