No. 16,931.

GROSS *v.* DREILING.

(257 P. [2d] 402)

Decided April 27, 1953.

Mr. LESLIE A. GROSS, Mr. GEORGE LOUIS CREAMER, for plaintiff in error.

Mr. JOHN T. MALEY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error, as plaintiff, on an amended complaint in replevin seeking return of the property involved, an automobile, or the value thereof, or, in the alternative, judgment against defendants, or either of them, for damages for conversion, obtained a judgment for $475.00, which defendant now seeks to have reversed

on the ground that plaintiff was not entitled to possession at the time he instituted the action; that plaintiff was not owner of the mortgagee's interest in the disputed chattel; and that the trial court erred in arriving at the amount of the judgment.

Plaintiff sold a 1942 Chrysler automobile on January 5, 1951 to one Mahan for the purchase price of $600, the balance of which was secured by a note and chattel mortgage for the sum of $511.70, to be paid in installments of $51.17 due on the 5th day of each succeeding month thereafter, in favor of the vendor. This chattel mortgage was recorded in El Paso county, Colorado, on January 11, 1951, and thereafter assigned to the American National Bank of Denver, with recourse. The installment payment due February 5 was paid, and thereafter the purchaser defaulted under the terms of the note and chattel mortgage and plaintiff was called upon by the assignee bank to pay the note. In the meantime, the purchaser had, on January 16, 1951, secured a certificate of title to the motor vehicle from the director of revenue as provided by statute, which set out the above facts and encumbrances in substance.

On or about January 22, Mahan, the purchaser, took the car into defendant Gross' place of business and authorized repair work, which was done by defendant and totaled $219.42. On January 30, 1951, the owner signed a sales contract in favor of Gross to secure payments for the repair work, and on this sales or mortgage contract the following appeared:

"Outstanding Obligations

"If no outstanding obligations, give names of concerns from whom you have bought on credit.

| "Name of Creditor | Monthly Payment |
|---|---|
| *   *   * | *   *   * |
| Drieling Motor | W. Alameda St. |

Approximate Balance
$345.00"

Defendant was designated as mortgagee by this contract

over the signatures of John Mahan, the buyer mortgagor. It is not acknowledged or recorded.

After repairs had been made by defendant, Mahan, the owner, took the car out apparently for trial purposes on January 30 and did not return it. On February 4, defendant repossessed the car; and on March 23, filed an attachment suit in the justice court on a demand for $261.12, posting a bond in the sum of $1,000, and then dismissed the action without prejudice on March 29. On March 30, plaintiff brought this replevin action to recover the car under its chattel mortgage and defendant filed answer and counterclaim for the amount of his repair bill. In the meantime, after defendant first repossessed the car, he removed and sold the engine therefrom. This engine or motor is referred to by plaintiff in error as a rebuilt motor which defendant installed in the car. This is not the true situation, because the motor that was in the car when the owner took it to defendant's place of business and authorized the repairs was the motor that was rebuilt and repaired. It is stated that the whereabouts of Mahan, the owner, is unknown.

Considerable testimony was adduced by plaintiff and defendant as to the value of the car at the time of the so-called conversion. It is established that defendant obtained $135.00 for the motor. The testimony as to the condition and value of the car at the time it was taken into defendant's place varies from the "junk" price of $50.00 up to $600.00.

■ Counsel for defendant contend that at the time of bringing the replevin action, plaintiff was not the proper party in interest, since the interest had been assigned to the bank. With this contention, we cannot agree, because plaintiff, as seller of the automobile, was the true owner of an interest represented by the balance of the purchase price, and with such an interest, upon default in the terms and conditions of the note and mortgage given as security therefor, he could assert his right to possession and he was responsible to the bank for the

amount of this interest. When default occurred after the assignment to the bank, and the bank called upon plaintiff to protect the assignment, the account was charged off to plaintiff and plaintiff then pursued his rightful remedy in replevin for possession of the property, which the trial court found that he had established by a preponderance of the evidence.

As to any attempted claim by defendant under a lien, any right thereto was lost when he delivered possession to the original owner, and he cannot question the priority of plaintiff's claim under the mortgage, because he was on notice by the sales and mortgage arrangements he made with the owner concerning the securing of the payment of the repair bill, which is clearly set out in the notice as hereinbefore noted. Defendant's claim for repairs under the circumstances here, cannot defeat plaintiff's rights under the chattel mortgage, and the mortgage and sales contract entered into with the owner, which contained the notice, does not aid him in this respect.

On the disputed evidence, the trial court found the reasonable value of the car to be $475 with the engine in the car at the time defendant converted it to his own use. The findings of the trial court are fully supported by the evidence, and, for that reason, will not be disturbed.

While not exactly in point, we believe the principle relating to some questions here involved, as announced in *Reavis v. Stockel*, 120 Colo. 82, 208 P. (2d) 94, is generally controlling and seems to be relied upon by plaintiff, now defendant in error.

The judgment is affirmed.