333 P.2d 869

A. L. NOWELS, doing business under the name and style of Western States Distributors, Plaintiff-Respondent,

v.

KETCHERSID MUSIC, Inc., a corporation, Defendant-Appellant.

No. 8602.

Supreme Court of Idaho.

Dec. 31, 1958.

E. G. Elliott, Frank Langley, Boise, for appellant.

John T. Hawley, Boise, for respondent.

KEETON, Chief Justice.

This action in claim and delivery, after due demand, was commenced July 2, 1956, to recover possession of certain phonographic equipment sold defendant by plaintiff under six several conditional sales contracts, or, in lieu of possession, to recover the balance of the contract price. These contracts were sold and assigned to the Peoples Finance &

Thrift Co. of Salt Lake City. Thereafter on May 11, 1956, a supplemental contract between the parties was entered into covering the articles sold by the six original contracts. By the terms of the supplemental contract, the monies owed on all six title retaining contracts, in the sum of $2,716, were made payable at the rate of $194 per month, commencing on June 15, 1956. This contract was likewise assigned to the Peoples Finance & Thrift Co.

All the contract assignments, among other clauses, contain the following:

"Dealer's Assignment and Guaranty

"To Peoples Finance And Thrift Company Of Salt Lake City, Utah:

"For value received, undersigned does hereby sell, assign and transfer to Peoples Finance and Thrift Company of Salt Lake City, Utah, his, its or their right, title and interest in and to the within contract, herewith submitted for purchase by it, and the property covered thereby and authorizes said Peoples Finance and Thrift Company to do every act and thing necessary to collect and discharge the same.

"The undersigned certifies that said contract arose from the sale of the within described property, warranting that title to said property was at time of sale and is now vested in the undersigned free of all liens and encumbrances; that said property is as represented to the purchaser of said property by the undersigned and that statements made by the purchaser of said property on the statement form attached hereto are true to the best of the knowledge and belief of the undersigned.

"In consideration of your purchase of the within contract, undersigned guarantees payment of the full amount remaining unpaid thereon, and covenants if default be made in payment of any installment herein to pay the full amount then unpaid to Peoples Finance and Thrift Company upon demand. Liability of the undersigned shall not be affected by any settlement, extensions, variation of terms of the within contract effected with, or by the discharge or release of the obligation of the purchaser or any other person interested, by operation of law or otherwise. Undersigned waives notice of acceptance of this guaranty and notices of non-payment and non-performance; agrees to pay all costs and expenses, including attorney fees, which may be incurred by assignee in any action brought on or in connection with any of the terms of said contract or this guaranty.

> "/s/   Western States Distributors
> Seller
> By A. L. Nowels—owner"

Default was made in installment payments. The supplemental contract contained an acceleration clause which provided that in case of default, the balance owed should, at the seller's (plaintiff's) option, become immediately due and payable.

The Peoples Finance & Thrift Co., assignee, in accordance with the acceleration clause and the contract of guaranty, demanded immediate payment from plaintiff of the full amount then unpaid under the contracts, which plaintiff paid the assignee on and between July 31 and September 25, 1956 (after the commencement of the action). Peoples Finance & Thrift Co. thereupon returned the contracts, both original and supplemental, to plaintiff.

After default in payment plaintiff made demand on defendant for payment or the return of the property so sold, which demand was refused.

By his second amended complaint, as amended, plaintiff claims a right of possession of the articles sold, and in case possession cannot be had, seeks recovery of the unpaid balance of the purchase price.

The trial court overruled defendant's demurrer to the second amended complaint, as amended. Defendant then answered, claiming that the amount stated in the complaint was not the correct balance unpaid; that it was not in default, and further that plaintiff was doing business under an assumed and fictitious name, without having first filed in the office of the county recorder of the county in which such business was carried on, a certificate required by Secs. 53-501 and 53-502, I.C.

On a trial of the issues, the court found that defendant was in default and plaintiff entitled to possession of the articles sold or to recover from defendant the full amount of the value, found by the court to be a balance of $2,504; that after suit was instituted, some of the property had been recovered and sold for the sum of $1,425, and the balance unpaid amounted to $1,079, plus interest. Judgment was entered against defendant for the recovery of the property, or if possession could not be had, for the balance so found to be due. Defendant appealed.

In assignments of error defendant contends that the demurrer to the second amended complaint should have been sustained; that the assumed business name certificate (Ex. 1) should not have been admitted in evidence; that conclusion of law No. I, which reads as follows:

"That on June 16, 1956, when People's Finance and Thrift Co. made demand on plaintiff for payment in full of said defaulted contract balance pursuant to the terms of said assignment, the plaintiff at that time became entitled to maintain and bring this action against the defendant and said contract was, by operation of law, reassigned back to the plaintiff at said time, by reason of which the plaintiff became the real party in interest herein."

is erroneous; that the judgment entered is contrary to the law and evidence.

In support of its assignments, defendant makes two basic contentions: first, non-compliance with Sec. 53–502, I.C., which requires that a person transacting business under an assumed or fictitious name, or designation, other than his true and real name, shall file in the office of the recorder of the county in which said business is to be conducted, a certificate which shall set forth the designation, name or style under which said business is to be conducted, and the true or real name or names of the party or parties conducting it, and Sec. 53–506, I.C., which reads:

"No person or persons carrying on, conducting, or transacting business as aforesaid, or having any interest therein, shall hereafter be entitled to maintain any suit in any of the courts of this state without alleging and proving that such person or persons have filed a certificate as provided for in section 53–501, and failure to file such certificate, shall be prima facie evidence of fraud in securing credit."

Plaintiff, when he commenced the action on July 2, 1956, had not complied with Sec. 53–501, I.C., nor did the plaintiff so allege. Thereafter on April 12, 1957, prior to the trial, plaintiff filed such a certificate, which was admitted in evidence as Exh. 1.

Sec. 53–507, I.C., provides that one who fails to comply with the provisions of Sec. 53–501, and other sections of the chapter, shall be guilty of a misdemeanor. The purpose of the statute, Sec. 53–501, I.C., is to protect the public against impositions and fraud, and to give public information to persons dealing with those who conduct business under a fictitious name. Such a contract made with an individual or a partnership, doing business under an assumed or fictitious name, does not invalidate such a contract. Compliance with the statute is not a condition precedent to the right to commence the action. Compliance at a later period, before the trial, is sufficient. In Kadota Fig Ass'n of Products v. Case-Swayne Co., 73 Cal.App.2d 796, 167 P.2d 518, the court held:

"Compliance with code sections which forbid the maintenance of an action by an individual, association, partnerships, or business trust doing business under a fictitious name unless and until a certificate has been filed with the county clerk and published giving the names and addresses of the individuals operating under such fictitious name and forming such association, partnerships or business trust, may be shown at any time before trial."

A review of similar holdings is annotated in 42 A.L.R.2d 548, Sec. 24. We deem discussion of the cases unnecessary for the reason the Idaho Supreme Court has passed on the question contrary to the contention of defendant.

In Gallafent v. Tucker, 48 Idaho 240, 281 P. 375, this Court held that the prohibition of Sec. 53–506, I.C., for failure to file the certificate required by Sec. 53–501, I.C., properly raised, goes to the capacity to sue, and upon filing the certificate the prohibition is removed so that suit or action may then be maintained. See, also, Shillingford v. Benewah County, 48 Idaho 447, 282 P. 864.

■ We therefore hold that although the certificate of assumed or fictitious name was filed after the commencement of the action, but before the trial, there was sufficient compliance to permit the maintaining of the action.

■■ Defendant's second contention is that plaintiff is not the real party in interest; that the absolute and unconditional assignment by plaintiff to Peoples Finance & Thrift Company, of the several conditional sales contracts, and the supplemental contract, involved in this action, prior to the commencement of the action on July 2, 1956, and the retention of possession of said contracts by the company until it received full payment of all sums payable thereon on September 25, 1956, and the failure of said company to reassign said contracts to plaintiff at any time, constitute said assignee the real party in interest in this action, and, therefore, the judgment that was entered on July 18, 1957, is contrary to the law applicable to the evidence submitted.

The conditional sales contracts admitted in evidence as plaintiff's exhibits provide "title to said property shall not pass to said purchaser [defendant] until all sums due under the contracts are fully paid" and further, by the terms of the assignment, plaintiff (vendor) unqualifiedly guaranteed payment of the full amount unpaid. The assignee had the right to demand payment of the vendor without first resorting to its right under the assignment. This the assignee did. It demanded of plaintiff the full accelerated balance owing under the contracts.

Subsequent to the demand of the assignee and after the contract was in default, plaintiff demanded of defendant that it make payments sufficient to cover the installments due, and when defendant refused to pay, demanded the property covered by the sales contracts. The demand was refused. The assignee was looking to plaintiff for payment. Prior to the trial, plaintiff paid the Finance Company the entire accelerated balance. When the assignee demanded full payment from plaintiff, plaintiff became entitled to possession as against defendant. Plaintiff's rights in the property were threatened by refusal of defendant to surrender possession or to pay the balance of the purchase price. Thus plaintiff became at that time entitled to re-

cover possession of the property to protect his interest therein.

Replevin is a possessory action and its purpose is to determine who shall have possession of the property in dispute. Smith v. Washburn-Wilson Seed Co., 40 Idaho 191, 232 P. 574; Schleiff v. McDonald, 41 Idaho 50, 237 P. 1108. Under the terms of the sales contracts, the same being in default, defendant was no longer entitled to possession of the property. Defendant had the option of doing one of two things—returning the property to plaintiff or paying the purchase price.

A similar situation was presented in Meyer v. Deifenbach, 100 Ind.App. 360, 193 N.E. 693, wherein it was held:

"Conditional seller of automobile *held* entitled to judgment against buyer in replevin, where assigned contract guaranteeing payment, paid balance to assignee on buyer's default, and assignee returned contract to seller, though evidence did not show that contract was reassigned to seller or that assignee was divested of title, since it showed that seller was entitled to possession."

and in Reavis v. Stockel, 120 Colo. 82, 208 P.2d 94, it was held:

"Sellers of house trailer were real parties in interest and had sufficient interest to be proper parties plaintiff in replevin action against defendants purchasing trailer from original buyers, notwithstanding that sellers had pledged conditional sales contracts to bank, where sellers guaranteed payments under contract and retained title."

Under the facts, we hold that plaintiff was at the time of the commencement of the action, and at the time of the trial and entry of judgment, entitled to possession of the property sold defendant; that the right of plaintiff to pursue the remedy was conferred on it by operation of law as found by the trial court.

It follows that plaintiff was the real party in interest. Judgment is affirmed. Costs to respondent.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.