336 P.2d 690

Francis A. SHINN and Walter A. Stone, dba S & S Realty, Plaintiffs-Respondents,

v.

David W. SMITH and Amalia Smith, Defendants-Appellants.

No. 8629.

Supreme Court of Idaho.

March 6, 1959.

E. G. Elliott, Boise, for appellants.

Fredricks & Roberts, Boise, for respondents.

TAYLOR, Justice.

Plaintiffs (respondents) commenced this action September 14, 1956, upon a promissory note for $1,000 made by defendants (appellants) and payable to plaintiffs. Defendants by answer and counterclaim contended the note was procured by fraud on the part of plaintiffs and prayed for judgment against the plaintiffs for damages alleged to have resulted from the fraud.

The verdict of the jury, which was against the defendants on the issue of fraud, is not challenged by assignment. No issue of fact being presented, the evidence will not be reviewed.

Plaintiffs did not allege compliance with I.C. § 53–501, requiring the filing of a certificate of trade name. Defendants in their answer and counterclaim, filed April 8, 1957, specifically pleaded plaintiffs lack capacity to maintain the action, urging the bar of I.C. § 53–506. October 8, 1957, plaintiffs filed a supplemental complaint in which they allege compliance with § 53–501 by the filing of the required certificate on November 23, 1956. Defendants assign as error the action of the court in permitting the filing of the supplemental pleading and the proof of compliance therein alleged. The issue thus presented has been determined heretofore adversely to appellants. Plaintiffs established sufficient compliance with the statute to "maintain" the action. Gallafent v. Tucker, 48 Idaho 240,

281 P. 375; Shillingford v. Benewah County, 48 Idaho 447, 282 P. 864; Nowels v. Ketchersid Music, 80 Idaho 486, 333 P.2d 869.

▮▮ The remaining assignments urge error in the giving and refusing of instructions. Instructions Nos. 6 and 11 are assigned as error on the ground that they required the proof of the alleged fraud and each of the elements thereof by clear and convincing evidence. While this court has approved instructions submitting the issue of fraud to juries to be determined by a preponderance of the evidence, it appears from those cases that the instructions considered were not specifically challenged on that ground. Breshears v. Callender, 23 Idaho 348, 131 P. 15; Koehler v. Stenerson, 74 Idaho 281, 260 P.2d 1101. We have generally held that fraud, and all of the essential elements thereof, must be established by reasonably clear and convincing evidence. Fehr v. Haworth, 33 Idaho 96, 190 P. 248; Smith v. Johnson, 47 Idaho 468, 276 P. 320; Green v. Bruck, 58 Idaho 401, 74 P.2d 85; Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345; Cooper v. Wesco Builders, 76 Idaho 278, 281 P.2d 669; Petersen v. Holland, 79 Idaho 63, 310 P.2d 810; Barron v. Koenig, 80 Idaho 28, 324 P.2d 388.

In Bancroft v. Smith, 80 Idaho 63, 323 P.2d 879, we held that damage, like the other essential elements of fraud, must be established by clear and convincing evidence, but the fact of injury being thus established, the amount of damage may be determined by a preponderance of the evidence. The instructions here considered are not out of harmony with any of our prior decisions, and are not erroneous.

In general, defendants urge that equitable principles should have been applied in the instructions dealing with fraud, rather than the stricter rules applicable in actions at law. We find no merit in this contention. Both the complaint and counterclaim sought relief at law. The trial court's instructions properly presented the issues to the jury.

▮ Instruction No. 17 required the jury, in case it awarded damages to defendants, to offset the amount due plaintiffs against the amount found due defendants, by deducting the smaller from the larger, and returning its verdict for the party in whose favor a balance was found due. Defendants urge that if the jury found in their favor on the issue of fraud, nothing would be due on the note which could be offset. Assuming the instructions to be thus erroneous—which we do not decide—it could not operate to defendants' prejudice, since the jury found against them on the issue of fraud.

▮ Defendants' requested instructions Nos. 1 and 2 are to the effect that a party urging actionable fraud is not required to

prove all of the false representations which he may allege; that proof of one material false representation is sufficient. This proposition was covered by the court in its instruction No. 11.

We have examined the remaining assignments as to instructions given and refused and find no error.

Judgment affirmed.

Costs to respondents.

PORTER, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.