# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42718

JBM, LLC, a Wyoming limited liability
company; and JOE MCADAMS, an individual,

    Counterclaimants-Third-Party
    Plaintiffs-Appellants,

and

MCADAMS, LLC, an Idaho limited liability
company,

    Plaintiff-Appellant,

v.

PETER J. CINTORINO,

    Defendant-Counterdefendant-Third Party
    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
.

Boise, February 2016 Term

2016 Opinion No. 14

Filed: February 26, 2016

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of
Idaho, Valley County. Hon. Thomas F. Neville, District Judge.

The judgment of the district court is <u>reversed</u> and the case is <u>remanded</u>.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, Boise, for appellants.
Stanley J. Tharp argued.

Wilson & McColl, Boise, for respondent. Louis Spiker argued.

_____

J. JONES, Chief Justice

    McAdams, LLC sought to hold Peter Cintorino and Tim and Kimberly Resler ("the Reslers") liable on their personal guarantees of a promissory note made by Fawnwood, LLC, in favor of JBM, LLC. The district court granted summary judgment in favor of Cintorino and the Reslers holding that McAdams, LLC was prohibited from filing a collection action in Idaho because its assignor, JBM Company, LLC, was prohibited from filing suit in Idaho under either

1

Idaho's Assumed Business Name Act ("IABNA") or Idaho's Uniform Limited Liability Company Act ("IULLCA"). McAdams, LLC timely appealed to this Court.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In March of 2009, the Reslers and Cintorino, members of Fawnwood, LLC ("Fawnwood"), entered into an agreement with Joe McAdams to obtain a $1,200,000 loan to purchase and develop real property in Valley County, Idaho. Fawnwood is an Idaho limited liability company. The funds were advanced by Joe McAdams and his company, JBM Company, LLC ("JBM Company"), a Wyoming limited liability company. Fawnwood executed a Promissory Note Secured by Deed of Trust ("promissory note") for the benefit of "JBM, LLC." The promissory note contained personal guarantees by the Reslers and Cintorino. On the same day, Fawnwood executed a deed of trust on the Valley County property for the benefit of "JBM, LLC."

By September 3, 2010, Fawnwood had defaulted on the promissory note. In December 2010, Fawnwood agreed to sign a Deed in Lieu of Foreclosure, transferring the property securing the promissory note to "JBM, LLC." In January 2011, the Reslers and Cintorino, on behalf of Fawnwood, executed a deed transferring ownership of the Valley County property to "JBM, LLC."[1] Although the above documents refer to the secured party/beneficiary as "JBM, LLC," McAdams contends that this was a typographical error and the parties intended the documents to refer to "JBM Company, LLC."

On March 3, 2012, Tim Resler recorded a mechanic's lien in the amount of $135,450 against the Valley County property for improvements he allegedly made to it. On May 4, 2012, Tim Resler filed an action against JBM, LLC and McAdams for breach of contract and for foreclosure of the mechanic's lien. On June 20, 2012, McAdams answered and asserted a counterclaim against the Reslers and a third-party complaint against Cintorino on behalf of himself and "JBM, LLC, a d/b/a of JBM Company, LLC." The counterclaim and third-party

---

[1] McAdams contends that although he agreed to accept the collateral in lieu of foreclosure, he did so only on the condition that the Reslers' and Cintorino's personal guarantees on the loan remain in place and that he would be able to collect any deficiency from the sale of the property.

2

complaint alleged that the Reslers and Cintorino were personally liable for the default on the promissory note in the amount of $1,200,000.[2]

According to McAdams, it was only after Tim Resler's suit was filed that he realized all of the above documents referred to JBM, LLC, not JBM Company. Additionally, McAdams learned that JBM, LLC, or JBM Company, had to be registered as a limited liability company in Idaho in order to file suit. The names JBM, LLC, and JBM Company, LLC, were not available for registration with the Secretary of State. To get around this issue, McAdams registered McAdams, LLC as an Idaho limited liability company and JBM Company assigned all interest in the promissory note and property at issue to McAdams, LLC. McAdams, LLC then filed suit against the Reslers and Cintorino alleging the same causes of action raised in JBM, LLC and McAdams' counterclaim and third-party complaint. McAdams, LLC's suit was then consolidated with Tim Resler's suit.

The Reslers and Cintorino moved for summary judgment on JBM, LLC and McAdams' counterclaim and third-party complaint and McAdams, LLC's complaint. They alleged that JBM, LLC and McAdams were not real parties in interest and that McAdams, LLC was not entitled to file suit in Idaho. JBM, LLC, McAdams, and McAdams, LLC ("the McAdams group") filed a motion for leave to amend JBM, LLC and McAdams' counterclaim and third-party complaint and McAdams, LLC's complaint to add causes of action for breach of contract and fraud.

On June 27, 2013, the district court heard oral arguments on the Reslers' and Cintorino's motions for summary judgment. On August 7, 2013, the court issued its memorandum decision and order granting the motions. First, the court held that JBM, LLC was not a real party in interest because there was no evidence showing that JBM, LLC was an actual entity. The court then held that McAdams was not a real party in interest because McAdams, as an individual, was not a party to the promissory note and never personally held title in the Valley County property. Lastly, the court considered whether McAdams, LLC was a real party in interest and was entitled to bring suit. For the purpose of considering this issue, the court assumed that JBM Company was the real party in interest with regard to the promissory note and Valley County property. Additionally, the court found that it was undisputed that JBM Company assigned its rights to

---

[2] In both the counterclaim and third-party complaint, McAdams pled actions for: breach of contract, breach of the covenant of good faith and fair dealing, fraud, slander of title, tortious interference with prospective economic advantage, quasi estoppel, unjust enrichment, and quiet title.

McAdams, LLC. However, the court concluded that McAdams, LLC could not bring suit in Idaho because neither JBM, LLC, nor JBM Company, was registered with the Secretary of State and, therefore, no interest in a chose in action existed to assign to McAdams, LLC. The court reasoned that

> because Mr. McAdams chose to conduct business in Idaho using either JBM, LLC as an assumed name for JBM Company, LLC, or in the alternative, conducting business in the name of JBM Company, LLC, a Wyoming limited liability company, either the Idaho Assumed Business Name Act or the Idaho Uniform Limited Liability [Company] Act prohibited JBM Company, LLC from maintaining a cause of action in Idaho. Accordingly, JBM Company, LLC had no interest in a chose of [*sic*] action available to assign to McAdams, LLC.

Based on the foregoing, the district court granted the Reslers' and Cintorino's motions for summary judgment and dismissed JBM, LLC and McAdams' counterclaim and third-party complaint and McAdams, LLC's complaint. Accordingly, the court did not address the McAdams group's motion for leave to amend. Judgment was entered dismissing the McAdams group's claims with prejudice on September 16, 2013. On October 10, 2014, Tim Resler and the McAdams group reached a settlement and the district court entered a final judgment dismissing with prejudice all claims between them. The McAdams group then timely appealed the district court's dismissal of McAdams, LLC's claims against Cintorino.

## II.
## ISSUES PRESENTED

1. Whether the district court erred in dismissing McAdams, LLC's claims against Cintorino.
2. Whether the case should be remanded for the district court to rule on the McAdams group's motion for leave to amend McAdams, LLC's complaint.
3. Whether either party is entitled to attorney fees on appeal.

## III.
## STANDARD OF REVIEW

> Appeals from an order of summary judgment are reviewed *de novo*, and this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). Under this standard, disputed facts are construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are drawn in favor of the non-moving party. Where the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review.

4

*Trotter v. Bank of N.Y. Mellon*, 152 Idaho 842, 845–46, 275 P.3d 857, 860–61 (2012) (footnotes, case citations, and internal quotation marks omitted).

**IV.**
**ANALYSIS**

JBM, LLC, McAdams, and McAdams, LLC collectively appealed the district court's dismissal of the claims against Cintorino. While it is not entirely clear whether the McAdams group intended to appeal the district court's dismissal of JBM, LLC and McAdams' third-party complaint, no argument is provided challenging the district court's conclusion that JBM, LLC, and McAdams were not real parties in interest. This Court "will not consider an issue not 'supported by argument and authority in the opening brief.'" *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (quoting *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008)). The McAdams group's opening brief focused exclusively on whether the district court erred in concluding that McAdams, LLC was prohibited from filing suit in Idaho. Therefore, we will limit our analysis to that issue.

**1. The district court erred in dismissing McAdams, LLC's complaint against Cintorino.**

In ruling on Cintorino's motion for summary judgment, the district court assumed that JBM Company was the real party in interest with respect to the promissory note, personal guarantees, and real property at issue. Additionally, it was undisputed that JBM Company had assigned its rights to McAdams, LLC. As the district court correctly noted, in Idaho "choses in action are generally assignable," and "[a]n assignment of the chose in action transfers to the assignee and divests the assignor of all control and right to the cause of action, and the assignee becomes the real party in interest." *Purco Fleet Servs., Inc. v. Idaho State Dep't of Fin.*, 140 Idaho 121, 126, 90 P.3d 346, 351 (2004). Therefore, the district court properly concluded that McAdams, LLC was the real party in interest.

However, the court held that McAdams, LLC was not entitled to file suit in Idaho based on the promissory note and personal guarantees. This holding was based on the court's conclusion that JBM Company could not assign the right to recover on the note and guarantees because JBM Company was prohibited from filing file suit in Idaho. The court concluded that JBM Company was prohibited from filing suit in Idaho under either IABNA, because it was transacting business in Idaho under an unregistered assumed business name (JBM, LLC), or

5

IULLCA, because it was a foreign limited liability company transacting business in Idaho without a certificate of authority.

The district court based its holding that JBM Company did not possess a right to maintain a cause of action in Idaho and could not therefore assign such a right to McAdams, LLC upon our decision in *Foley v. Grigg*. In that case we stated that "[a]n assignee takes the subject of the assignment with *all the rights* and remedies possessed by and available to the assignor." 144 Idaho 530, 533, 164 P.3d 810, 813 (2007) (emphasis in original). The district court interpreted *Foley* to suggest that where an assignor would be prohibited from filing suit in Idaho under IABNA or IULLCA, its assignee would also be prohibited from doing so. This is a constricted view of the effect of an assignment where "all rights" are transferred.

"An 'assignment' is a transfer of property or some other right from one person (the 'assignor') to another (the 'assignee'), which confers a complete and present right in the subject matter to the assignee." 6 Am. Jur. 2d Assignments § 1 (2016) (footnotes omitted).

> As a general rule, the assignment of a claim or a chose in action without any indication of an intention by the parties to restrict its operation vests the assignee with all the rights and remedies possessed by or available to the assignor, except those that are personal to the assignor and for his or her benefit only . . . In an assignment, there is a complete divestment of all rights from the assignor and a vesting of those rights in the assignee.

6 Am. Jur. 2d Assignments § 113 (footnotes omitted). However, "[a]n assignee generally acquires no greater right than was possessed by the assignor, and is subject to all defenses and claims that the debtor had against the assignor. *Id*. An assignee is not subject to just any claim or defense but, rather, is subject only to claims and defenses that go to the validity or enforceability of the right transferred. *See Kroeplin Farms Gen. P'ship v. Heartland Crop Ins., Inc.*, 430 F.3d 906, 911 (8th Cir. 2005) ("[A]n assignee's right is subject to a defense that the contract was voidable or unenforceable before the assignment."); Restatement (Second) of Contracts § 336(1) (1981) ("[I]f the right of the assignor would be voidable by the obligor or unenforceable against him if no assignment had been made, the right of the assignee is subject to the infirmity.").

Under IABNA [I.C. § 53-501, *et seq*],[3] "[a]ny person who proposes to or intends to transact business in Idaho under an assumed business name shall, before beginning to transact business, file with the secretary of state a certificate of assumed business name in a form

---

[3] IABNA was repealed effective July 1, 2015, and replaced by Part 8 of the Idaho Uniform Business Organizations Code [I.C. § 30-21-801, *et seq*]. *See* 2015 Idaho Session Laws ch. 251 § 3, p. 1047 and ch. 243 § 14, p. 783. However, IABNA was the applicable law when this action was commenced.

prescribed by the secretary of state." I.C. § 53-504(1). A person who fails to comply with this requirement "shall not be entitled to maintain any legal action in the courts of this state until the person has filed a certificate of assumed business name as required by this chapter." I.C. § 53-509. Importantly, while IABNA prohibits an entity in violation from filing suit in Idaho, it does not invalidate contracts entered into by that entity. *Nowels v. Ketchersid Music, Inc*., 80 Idaho 486, 491, 333 P.2d 869, 871 (1958).

Similarly, Part 8 of IULLCA provides that "[a] foreign limited liability company transacting business in this state may not maintain an action or proceeding in this state unless it has a certificate of authority to transact business in this state." I.C. § 30-6-808(1).[4] However, this same section also provides that, "[t]he failure of a foreign limited liability company to have a certificate of authority to transact business in this state does not impair the validity of a contract or act of the company." I.C. § 30-6-808(2).

JBM Company's alleged violations of IABNA and IULLCA have no effect on its ability to assign the promissory note to McAdams, LLC. Additionally, the alleged violations do not affect the validity or enforceability of the promissory note and personal guarantees. JBM Company's alleged violations of IABNA and IULLCA are not defenses to the validity or the enforceability of the rights assigned to McAdams, LLC. Rather, if JBM Company was in violation of Idaho Code section 30-6-808(1) or 53-509, it would lack capacity to file suit in the state until the violation was cured.[5] *Nowels*, 80 Idaho at 491–92, 333 P.2d at 871. The prohibition against filing suit is not imputed to McAdams, LLC by virtue of the assignment of the promissory note and guarantees.

As an assignee, McAdams, LLC obtained all rights attendant to the promissory note and guarantees, including the ability to enforce the same in legal proceedings. It is undisputed that McAdams, LLC was, at the time of the summary judgment proceedings, registered with the

---

[4] IULLCA is repealed effective July 1, 2017, and replaced by the new Idaho Uniform Limited Liability Company Act [I.C. § 30-25-101, *et seq*]. *See* 2015 Idaho Session Laws ch. 243 § 2, p. 758 and § 43, p. 871. However, IULLCA still controls in this litigation as the limited liability companies at issue were formed before July 1, 2015. *See* I.C. § 30-25-110.

[5] It is unlikely that JBM Company was required to obtain a certificate of authority under IULLCA because "[c]reating or acquiring indebtedness, mortgages or security interests in real or personal property" and "[s]ecuring or collecting debts or enforcing mortgages or other security interests in property securing the debts," do not constitute transacting business in Idaho. I.C. § 30-6-803(1)(g) and (h). Nor is it clear that JBM Company would have been required to file a certificate of assumed business name under IABNA. Transacting business for purposes of IABNA "shall mean to engage in any commercial or other activity which is intended to or likely to produce a financial benefit." Former I.C. § 53-503(6). Because of our disposition of this matter, it is not necessary to further explore these issues.

Secretary of State as an Idaho limited liability company and there is no indication in the record that McAdams, LLC would have been prohibited from filing suit in the State. Therefore, we reverse the district court's grant of summary judgment and hold that McAdams, LLC was entitled to pursue its claim against Cintorino to enforce the promissory note and his personal guarantee of the same.

**2.  We decline to rule on the other issues raised on appeal.**

The McAdams group asks this Court to rule that the agreements between JBM, LLC and Cintorino should be reformed to change "JBM, LLC" to "JBM Company, LLC." Additionally, Cintorino asks the Court to rule that McAdams, LLC's claims for a deficiency against Cintorino are not ripe. The district court has yet to rule on these issues. "Even though an issue was argued to the court, to preserve an issue for appeal there must be a ruling by the court." *Saint Alphonsus Diversified Care, Inc. v. MRI Assocs., LLP*, 148 Idaho 479, 491, 224 P.3d 1068, 1080 (2009). "This Court does not review an alleged error on appeal unless the record discloses an adverse ruling forming the basis for the assignment of error." *Id.* (quoting *Ada Cnty. Highway Dist. v. Total Success Invs., LLC*, 145 Idaho 360, 368, 179 P.3d 323, 331 (2008)). Therefore, we decline to rule on these issues.

**3.   McAdams, LLC is entitled to attorney fees on appeal.**

Cintorino requests attorney fees on appeal pursuant to Idaho Code section 12-120(3). Since Cintorino did not prevail on appeal, there is no basis for such an award. McAdams, LLC seeks attorney fees under the same statutory provision but also cites the following language in the promissory note: "If action be instituted on this note, We/I the undersigned, promise to pay such sum as the Court may fix as attorney's fees." Cintorino personally described himself as an "undersigned" in the personal guarantee which appears on the face of the note. As assignee of the promissory note, McAdams, LLC is entitled to recover its attorney fees on appeal with respect to the complaint it instituted for recovery as against Cintorino.

**V.**
**CONCLUSION**

We reverse the district court's judgment dismissing McAdams, LLC's complaint against Cintorino and remand for further proceedings. Costs and attorney fees on appeal to McAdams, LLC.

Justices EISMANN, BURDICK, HORTON, and Justice Pro Tem KIDWELL CONCUR.