# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 46129/46131/46132

|  |  |  |
|---|---|---|
| STATE OF IDAHO, via assignment to CDI AFFILIATED SERVICES, INC., dba CBP AFFILIATED SERVICES, | ) ) ) | Filed: April 19, 2019 |
|  | ) | Karel A. Lehrman, Clerk |
| Plaintiff-Respondent, | ) |  |
|  | ) | THIS IS AN UNPUBLISHED |
| v. | ) | OPINION AND SHALL NOT |
|  | ) | BE CITED AS AUTHORITY |
| LANCE W. SCHALL, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge; Hon. Scott Axline, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, reversing denial of application for continuing garnishment, <u>affirmed</u>.

David Martinez, Bannock County Public Defender; Sara Archibald, Deputy Public Defender, Pocatello, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Lance W. Schall appeals from the district court's appellate decision concluding the magistrate has jurisdiction to issue a writ of execution for a continuing garnishment in Schall's prior criminal cases. A collection agency, CDI Affiliated Services Inc., d.b.a. CBP Affiliated Services (Collection Agency), filed an appearance in three separate criminal cases seeking to collect money that Schall owes under prior judgments in those cases. Schall argues the Collection Agency lacks standing to collect the money in the criminal cases. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In three consecutive years--2009, 2010, and 2011--Schall pled guilty to driving without privileges. In each case, the judgment against Schall placed him on probation for twelve months and assessed him "fines/fixed penalties," "statutory court costs," and a "record check probation fee" (collectively judgment debt) against him. Schall failed to pay any of this judgment debt.

In April 2017, and long after the expiration of Schall's probationary periods, the Collection Agency filed a "Notice of Assignment and Notice of Appearance" (notice) in Schall's three closed criminal cases. The notice's caption listed the criminal docket numbers for all three cases, and the caption identified the Collection Agency as the "plaintiff." The notice asserted that "the State of Idaho - Bannock County has assigned for collection to [the Collection Agency] all of its legal and beneficial right, title and interest in the Judgment entered against the Defendant in the above entitled action." With this notice, the Collection Agency also filed an "Application for Issuance of Continuing Garnishment" and a supporting affidavit claiming that Schall's judgment debt with interest and collection costs was approximately $1,600.

In a written decision, the magistrate concluded that there was no legal authority to use civil collection procedures against a defendant in a criminal case after the probationary period had expired and that its authority to enforce a judgment was limited to contempt proceedings. Further, the magistrate concluded the Collection Agency must file a new civil action against Schall to collect on the criminal judgment debt. The Collection Agency appealed to the district court.

The district court framed the issue as whether the magistrate "has the authority to issue a writ of execution and continuing garnishment to enforce its judgment in a criminal action after the time for probation has expired, the defendant has been released from probation, and the criminal case is closed." The district court concluded that the Collection Agency has authority to pursue collection of Schall's judgment debt in the criminal cases and that this authority arises from a contract between the judicial district and the Collection Agency. According to the district court, "the Sixth Judicial District entered into . . . a contract for collection services with [the Collection Agency] for collections after required notifications." Based on this contract, the district court concluded the Collection Agency was authorized to collect the judgment debt against Schall "within the law, procedures, and time limits that govern civil judgment

2

collections." Accordingly, the district court held the magistrate erred in concluding "it lacked jurisdiction to enter the orders required for [the Collection Agency] to collect the criminal fines assessed against [Schall]." Schall timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

3

Whether a party has standing is a jurisdictional issue. *In re Doe I*, 164 Idaho 393, 395, 431 P.3d 1, 3 (2018); *Martin v. Camas County ex rel. Bd. of Comm'rs*, 150 Idaho 508, 512, 248 P.3d 1243, 1247 (2011). "A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal." *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003) (quoting *H & V Eng'g, Inc. v. Idaho State Bd. of Prof'l Eng'rs & Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1987)). "Issues about the district court's jurisdiction are issues of law, over which the Court exercises independent review." *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004).

## III.

## ANALYSIS

Schall argues the Collection Agency lacks standing to appear and file motions in his criminal cases. The Collection Agency, through the State, responds that it has standing because the record "indicates" it received an assignment to collect on the judgments. We agree with the State.

The Collection Agency's standing to collect Schall's judgment debt can only be derived through a valid assignment from the entity to which Schall actually owes the judgment debt--the district court. That the district court is legally entitled to collect judgment debts assessed under a criminal judgment is derived from the meaning of the phrase "debts owed to the courts." Idaho Code § 19-4708 addresses the "collection of debts owed to courts," and it defines "debts owed to courts" to include any assessment of fines, court costs, or fees that "a court judgment has ordered to be paid to the court in criminal cases." I.C. § 19-4708(2)(c); *see also* I.C. § 1-1624(3) (defining "debts owed to court").

The legislature has granted the district court authority to assign for collection certain debts owed to the district court. Idaho Code § 19-4708(1) provides that "the clerks of the district court with the approval of the administrative district judge, may enter into contracts in accordance with this section for collection services for debts owed to courts." Further, this section provides that "each contract entered into pursuant to this section shall specify the scope of work to be performed" by the contracting agent for the collection services. I.C. § 19-4708(4). Contracts under I.C. § 19-4708 are, thus, the statutorily established mechanism by which the district court is authorized to assign for collection the debts owed to it.

4

An assignee's rights are governed by those of the assignor.  An assignment confers a complete and present right in the subject matter to the assignee, who takes the subject of the assignment with all the rights and remedies possessed by and available to the assignor.  *Foley v. Grigg*, 144 Idaho 530, 533, 164 P.3d 810, 813 (2007).  An assignee, however, generally acquires no greater right than the assignor possessed and is subject to all the defenses against the assignor.  *JBM, LLC v. Cintorino*, 159 Idaho 772, 777, 367 P.3d 167, 172 (2016).  Upon a properly executed assignment, the assignee becomes the real party in interest, with all the attendant rights and remedies concerning the debt, and the assignor loses its standing to prosecute.  *MFG Fin., Inc. v. Vigos*, 163 Idaho 252, 255, 409 P.3d 832, 835 (2018); *Foley*, 144 Idaho at 533, 164 P.3d at 813.

Under the common law of assignment, the district court cannot assign the Collection Agency any greater right than it possesses to collect on a judgment debt.  *See JBM*, 159 Idaho at 776-77, 367 P.3d at 171-72.  For this reason, we consider what the district court's rights are to collect a judgment debt like Schall's.  The clerk of the court is authorized to collect debts owed to the court.  I.C. § 19-4708 (indicating clerk of the court collects debts owed to the court); *cf.* I.C. § 19-4707 (providing for designation of persons other than clerk of court to receive fines).  Upon entry of a criminal judgment assessing a debt, no other authority is necessary to require its execution:  "When a judgment . . . has been pronounced, a certified copy of the [judgment's] entry . . . must be forthwith furnished to the officer whose duty it is to execute the judgment, and no other . . . authority is necessary to . . . require its execution."  I.C. § 19-2701.

Under Idaho law, a criminal judgment for money has the same force and effect as a civil judgment for money.  Two separate statutes support this conclusion.  Idaho Code § 19-2702 provides that "if the judgment includes the payment of a fine, or costs, or fine and costs, or other monetary sums, execution may be issued thereon for such sums as on a judgment in a civil action."  Similarly, I.C. § 19-2518 provides that a "judgment that the defendant pay a fine, pay costs, or pay fine and costs, constitutes a lien in like manner as a judgment for money in a civil action."  Also, the Idaho Criminal Rules except from their application the collection of fines and penalties, thereby indicating a criminal judgment debt may be collected in the same manner and under the same procedures as a civil judgment.  I.C.R. 1(c).  Because the Idaho Criminal Rules do not govern the collection of fines and penalties, the Idaho Rules of Civil Procedure necessarily must govern their collection.

Inasmuch as a criminal judgment for money is the same as a civil judgment for money, the execution procedures for a criminal judgment are the same as those for a civil judgment: once a party obtains a civil judgment in Idaho, it becomes a judgment creditor and may seek to recover a judgment debt by executing on the judgment. The procedures for executing on a judgment in Idaho are well-established. A garnishment is a common means of executing on a judgment. Title 11, Chapter 7, of the Idaho Code sets forth the procedures for garnishments and includes a procedure to obtain a continuing garnishment, which is the manner of execution the Collection Agency sought to use in this case. *See* I.C. § 11-704.

Under I.C. § 11-704, a judgment creditor need only file an application with the court to initiate the continuing garnishment. Section 11-704 provides, in relevant part, that "the judgment creditor, upon application to the court, shall have issued by the clerk of the court, a continuing garnishment," which directs the defendant's (or judgment debtor's) employer to pay the defendant's future earnings (as allowed by statute) to the sheriff.

Notably, there is no requirement that the judgment creditor, which has already obtained a judgment, must file a separate, independent action to execute upon the judgment that it has already obtained.[1] The statute requires only that the judgment creditor file an application for a garnishment with the court. I.C. § 11-704. Because criminal and civil judgments are treated the same for execution purposes, the judgment creditor in a criminal case is not required to file an independent civil action on the criminal judgment debt. Indeed, I.C. § 19-2701 provides, "When a [criminal] judgment . . . has been pronounced . . . no other . . . authority is necessary to . . . require its execution."

Under the Idaho statutory scheme governing the district court's rights to collect judgment debts, authorizing it to assign those rights to a collection agency and providing for the execution of a criminal judgment for a debt as if it were a civil judgment, the Collection Agency may have standing to collect Schall's judgment debt. In turn, the Collection Agency may have standing to pursue the district court's rights to collect these debts as the real party in interest in Schall's criminal cases as to the right assigned.

---

[1] In some instances, a separate, independent action may be required to execute on a foreign judgment, which we do not address here. *See, e.g.*, *Grazer v. Jones*, 154 Idaho 58, 64, 294 P.3d 184, 190 (2013) (discussing enforcement of foreign judgment).

6

Whether the Collection Agency actually has standing depends upon whether it has a valid assignment from the district court to collect the debts owed to the court, including fees, costs and penalties like Schall owes. Unfortunately, however, the contract assigning to the Collection Agency the district court's right to collect debts owed to it is not in the appellate record. The appellant has the responsibility to provide a sufficient record to substantiate his claim on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claim, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Information missing from the record on appeal is presumed to support the actions of the district court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992). Moreover, Schall does not challenge the existence or validity of the assignment on appeal. Accordingly, we are constrained to presume there is a valid contract assigning to the Collection Agency the district court's right to collect the judgment debt that Schall owes the district court and, based on this assumption, the Collection Agency has standing to appear in Schall's criminal cases and to seek a continuing garnishment against him.

Notwithstanding our decision that the Collection Agency has standing by way of assignment to collect Schall's judgment debt in his criminal cases under the Idaho statutory scheme, we do have serious concerns about the policy implications of allowing a third party to appear in a criminal action and, in particular, to change a case caption or otherwise amend pleadings without leave of the court. Idaho procedural rules provide procedural mechanisms by which a party may seek to appear in a case with the court's permission. A party cannot simply amend the case caption unilaterally to appear in a case, as the Collection Agency did twice in this case, once at the district court level and then again on appeal. A party collecting a criminal judgment debt on behalf of a district court via assignment, like the Collection Agency, should avail itself of the proper procedures to appear in a criminal case.

## IV.

## CONCLUSION

Because the Collection Agency has standing, by way of assignment, to collect the judgment debt that Schall owes the district court, we affirm.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

7